**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-60963-BLOOM/Valle**

CAROL IACIOFANO,

    Plaintiff,

v.

SCHOOL BOARD OF BROWARD COUNTY, FLORIDA,
and FLORIDA DEPARTMENT OF EDUCATION,

    Defendants.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant School Board of Broward County's ("School Board") Motion to Dismiss, ECF No. [31] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

Plaintiff Carol Iaciofano ("Iaciofano") filed a Complaint, ECF No. [1], on May 3, 2016, and an Amended Complaint on June 20, 2016. *See* ECF No. [24]. The Amended Complaint reflects that Iaciofano suffers from Cerebral Palsy, and was enrolled in a Court Reporting Program at Atlantic Technical College ("ATC"), an entity operated by School Board. *See id.* ¶¶ 6, 7, 9. At ATC, Iaciofano was "intentionally and systematically" harassed by her instructor, Ms. Williams ("Williams"). *Id.* ¶ 14. Iaciofano complained to other individuals employed by ATC about Williams's behavior, but the problems were not remedied. *See id.* ¶¶ 18-21. Eventually, the Florida Department of Education ceased funding Iaciofano's enrollment in the Court Reporting Program, based on statements from Williams and/or a "Ms. Berg," another

instructor in the program. *Id.* ¶ 28. Iaciofano brings claims against School Board under Title II of the Americans with Disabilities Act ("ADA") (Count I), and Section 504 of the Rehabilitation Act of 1973 ("RA") (Count III). School Board filed the instant Motion to dismiss those Counts on July 7, 2016. *See* ECF No. [31]. Iaciofano filed her Response, ECF No. [36], on July 25, 2016, making School Board's Reply due on or before August 4, 2016. *See* S.D. Fla. L. R. 7.1(c)(1)(A). As of the date of this Order, School Board has not filed a Reply or request for an extension of time within which to do so, and thus, the Motion is ripe for adjudication.

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in

favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

The Eleventh Circuit has not yet specifically addressed the exact standard to apply for a school-based disability harassment claim brought under either Title II of the ADA or Section 504 of the RA. However, the Eleventh Circuit has made clear that "the standard for determining liability under the Rehabilitation Act is the same as that under the [ADA]." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *see J.A.M. v. Nova Se. Univ., Inc.*, 2016 WL 1359255, at *4 (11th Cir. Apr. 6, 2016). "In order to establish a prima facie case of discrimination under the RA or ADA, the plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. *J.A.M.*, 2016 WL 1359255, at *4 (citing *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000)). Iaciofano has

sufficiently alleged that she suffers from the disability Cerebral Palsy, that she was qualified to attend and complete the Court Reporting Program, and that she was discriminated against by the School Board because of her disability. *See, e.g.*, ECF No. [24] ¶¶ 5, 6, 14, 22, 27, 28, 37, 40, 42.

School Board does not argue that Iaciofano has failed to state a claim under the above ADA and RA standard, but rather, that school-discrimination claims under Title II of the ADA and the RA are properly addressed under the standard utilized to adjudicate Title IX, 20 U.S.C. § 1681 *et seq.* claims, as outlined in *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 632-33 (1999). In support, School Board points to the *per curiam* decision of *Long v. Murray Cty. Sch. Dist.*, in which the Eleventh Circuit, in a footnote on summary judgment, affirmed the district court's application of that standard to similar claims "[b]ecause both parties effectively agree[d]." 522 F. App'x 576, 577 n.1 (11th Cir. 2013). In her Response, Iaciofano effectively agrees that this standard applies, and argues that she has met it. Accordingly, for the purposes of the instant Motion, the Court will review the Amended Complaint under the Title IX standard, by which a Plaintiff must show that "(1) the plaintiff is an individual with a disability, (2) he or she was harassed based on that disability, (3) the harassment was sufficiently severe or pervasive that it altered the condition of his or her education and created an abusive educational environment, (4) the defendant knew about the harassment, and (5) the defendant was deliberately indifferent to the harassment." *Id.* (quoting *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 454 (6th Cir. 2008)); *see J.S. v. Houston Cty. Bd. of Educ.*, 120 F. Supp. 3d 1287, 1291 (M.D. Ala. 2015). School Board argues only that Iaciofano has failed to "allege that an appropriate person (principal, superintendent, etc.) was on notice of

Williams [sic] alleged harassment and was deliberately indifferent to the instructor's misconduct," prongs four and five of the Title IX standard. ECF No. [31] at 3.

In the Amended Complaint, Iaciofano alleges that "[b]eginning in January 2015 and continuing throughout her time at ATC, Plaintiff complained to Alicia Griggle, Disability Coordinator, about Williams' treatment of her." ECF No. [24] ¶ 16. Iaciofano further claims that

> On at least one occasion, Iaciofano reported that the elevator was not working to ATC's disability counselor, who at the time was Ms. Alicia Griggle. The counselor advised Iaciofano that Williams would come downstairs to the library to give her instruction. This did not happen. Williams told Iaciofano that she would not 'change the curriculum' for just her. When Williams did not accommodate Iaciofano when the elevator was not operating, Iaciofano complained to Griggle again.
>
> Iaciofano also complained to Brooke (LNU) who was the Business Program Advisor/Counselor about the way in which Williams treated Iaciofano because of her disability. Specifically, Iaciofano told Brooke the same thing: that Williams refused to meet with Iaciofano downstairs for instruction when the elevator was not operational, and that Williams made Iaciofano move from classroom to classroom despite her mobility issues.

*Id.* ¶¶ 18-19, 20-21. Under Eleventh Circuit precedent adjudicating school harassment claims under Title IX, "the official with notice of the harassment must be high enough up the chain-of-command that his acts constitute an official decision by the school district itself not to remedy the misconduct." *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1255 (11th Cir. 2010) (internal quotations omitted). In *Doe*, the Eleventh Circuit found that notice to a school principle met this standard because, "[m]ore importantly, [he] could 'initiate corrective action' or place 'other restrictions' on an offending teacher in response to a . . . harassment complaint, even if he could not take final adverse employment actions such as terminating the teacher." 604 F.3d at 1255. In so concluding, the *Doe* Court also noted "that the ultimate question of who is an appropriate person is 'necessarily a fact-based inquiry' because 'officials' roles vary among

5

school districts.'"  *Id.* at 1256 (quoting *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1247 (10th Cir. 1999)).  Plaintiff clearly pleads that she complained of the harassment to at least two school officials – Ms. Griggle and "Brooke" – a disability counselor and "Business Program Advisor/Counselor," respectively.  School Board does not argue that these two individuals do not meet the Title IX standard but, rather, that the Amended Complaint fails to plead notice to an "appropriate person" generally.  *See* ECF No. [31] at 6.  Taking Iaciofano's allegations as true and drawing all plausible inferences therein, as the Court must do at this stage of proceedings, the Court cannot make the "necessarily [ ] fact-based inquiry" required to find that Ms. Griggle and "Brooke" lacked knowledge of the harassment, or the authority to "initiate corrective action or place other restrictions" on Williams.  *See Doe*, 604 F.3d at 1255, 1256.  Accordingly, School Board has failed to establish that dismissal is warranted on this ground.

To the extent that School Board also argues that Count I and/or Count III must be dismissed because Iaciofano has failed to plead that she made a "specific demand for an accommodation," School Board's argument is misplaced.  ECF No. [31] at 7.  While the Eleventh Circuit has held that under the RA, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made," the Eleventh Circuit has not made this demand an additional pleading requirement to state a claim under the ADA or RA.  *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (noting the "demand" requirement on summary judgment).  Iaciofano is thus correct that School Board's concerns are better reserved as an affirmative defense or for summary judgment.

Case No. 16-cv-60963-BLOOM/Valle

IV. **CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that School Board's Motion to Dismiss, **ECF No. [31],** is **DENIED.** School Board shall file an Answer or otherwise respond to the Complaint by **August 16, 2016.**

**DONE AND ORDERED** in Miami, Florida, this 9th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record