UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-60963-BB

CAROL IACIOFANO,

    Plaintiff,

v.

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA; and FLORIDA
DEPARTMENT OF EDUCATION,

    Defendants.

___

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT
FLORIDA DEPARTMENT OF EDUCATION'S STATEMENT
OF UNDISPUTED FACTS AND INCORPORATED STATEMENT**

Defendant, FLORIDA DEPARTMENT OF EDUCATION (hereinafter "FDOE"), by and through undersigned counsel, pursuant to Local Rule 56.1, hereby replies to Plaintiff's Response to Defendant Florida Department of Education's Statement of Undisputed Facts and Incorporated Statement (hereinafter "Response"), as follows:

**PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

39. Defendant FDOE disputes the facts contained in Paragraph 39. This factual allegation is not a genuine issue of material fact, because it could not possibly affect the outcome of the suit under the governing law. See Miccosukee Tribe of Indians of Florida v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008); Merideth v. Carnival Corp., 49 F. Supp. 3d 1090, 1092 (S.D. Fla. 2014). The physical demands of substitute teaching have no bearing or relation to the physical demands of court reporting. The training course is a very challenging course and rigorous certification process which includes physical training. Declaration of Susan Williams,

1

¶¶ 3, 5.  Students must develop the muscle memory, speed, accuracy and the exemplary proficiency skills.  Id.  Plaintiff was having difficulty developing those skills.  Id. at ¶¶ 15-18; Transcript of the Deposition of Dian Susan Williams, p. 35, l. 5-12.

42. Defendant FDOE does not dispute that, generally speaking, Sharon Wood provides clients with information to assist them with making decisions regarding their IPE, and that Ms. Wood generally focuses on the client's skills, interests, abilities, limitations, motivation, and education when identifying an employment goal.  Transcript of the Deposition of Sharon Wood, p. 20-21, l. 8-6.  Defendant disputes the remaining facts contained in Paragraph 42.

44. Defendant FDOE does not dispute the first sentence contained in Paragraph 44, but disputes the last sentence contained in Paragraph 44.  This factual allegation is not a genuine issue of material fact, because it could not possibly affect the outcome of the suit under the governing law.  Sharon Wood's opinion about whether an employment outcome is a "good fit" is not a genuine issue of material fact.  Ms. Wood offers her clients no opinion regarding their chosen employment outcomes.  Transcript of the Deposition of Sharon Wood, p. 22-23, l. 23-24.

47. Defendant FDOE disputes the facts contained in Paragraph 47.  Plaintiff pays no monthly obligations such as rent, a car loan, or insurance premiums and received $1,800 per month in Social Security Disability Insurance and Veteran Administration benefits through her deceased father. Transcript of the Deposition of Carol Iaciofano, p. 108, l. 1-24.  Plaintiff was able to pay for the court reporting course without funding provided for by Defendant FDOE.  Defendant disputes the remaining facts contained in Paragraph 47.

61. Defendant FDOE disputes the facts contained in Paragraph 61.  This factual allegation is not a genuine issue of material fact, because it could not possibly affect the outcome of the suit under the governing law.  It is not a genuine issue of material fact of whether

Defendant FDOE ever authorized payment for the 2015 Fall Term, because Plaintiff voluntarily amended her Individualized Plan for Employment (IPE) to change the targeted employment from court reporting back to an adult education instructor.  Transcript of the Deposition of Sharon Wood, p. 79, l. 15-23; Affidavit of Sharon Wood, ¶ 30, Exhibit H (Amendment #4 to the IPE).  Moreover, Sharon Wood received the request for the tuition voucher on July 29, 2015, days before she received the telephone call on August 4, 2015 from Meryl Eisenberg regarding Plaintiff having difficulties in the training course. Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10; p. 95, l. 18-22.  Further, Plaintiff could have attended class in the 2015 Fall Term, but she agreed to have a worksite evaluation completed.  Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10.  Defendant disputes the remaining facts contained in Paragraph 61.

63.     Defendant FDOE disputes the facts contained in Paragraph 63.  This factual allegation is not a genuine issue of material fact, because it could not possibly affect the outcome of the suit under the governing law.  It is not a genuine issue of material fact of whether Defendant FDOE ever authorized payment for the 2015 Fall Term, because Plaintiff voluntarily amended her Individualized Plan for Employment (IPE) to change the targeted employment from court reporting back to an adult education instructor.  Transcript of the Deposition of Sharon Wood, p. 79, l. 15-23; Affidavit of Sharon Wood, ¶ 30, Exhibit H (Amendment #4 to the IPE).  Moreover, Sharon Wood received the request for the tuition voucher on July 29, 2015, days before she received the telephone call on August 4, 2015 from Meryl Eisenberg regarding Plaintiff having difficulties in the training course. Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10; p. 95, l. 18-22.  Further, Plaintiff could have attended class in the 2015 Fall Term, but she agreed to have a worksite evaluation completed.  Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10.  Defendant disputes the remaining facts contained in Paragraph 63.

68.	Defendant FDOE disputes the facts contained in Paragraph 68.  This factual allegation is not a genuine issue of material fact, because it could not possibly affect the outcome of the suit under the governing law.  It is not a genuine issue of material fact of whether Defendant FDOE ever authorized payment for the 2015 Fall Term, because Plaintiff voluntarily amended her Individualized Plan for Employment (IPE) to change the targeted employment from court reporting back to an adult education instructor.  Transcript of the Deposition of Sharon Wood, p. 79, l. 15-23; Affidavit of Sharon Wood, ¶ 30, Exhibit H (Amendment #4 to the IPE). Moreover, Sharon Wood received the request for the tuition voucher on July 29, 2015, days before she received the telephone call on August 4, 2015 from Meryl Eisenberg regarding Plaintiff having difficulties in the training course. Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10; p. 95, l. 18-22.  Further, Plaintiff could have attended class in the 2015 Fall Term, but she agreed to have a worksite evaluation completed.  Transcript of the Deposition of Sharon Wood, p. 53, l. 6-10.  Defendant disputes the remaining facts contained in Paragraph 68.

    Respectfully submitted,

    PAMELA JO BONDI
    ATTORNEY GENERAL

    */s/ Carrol Y. Cherry-Eaton*
    CARROL Y. CHERRY EATON (FBN# 297940)
    Senior Assistant Attorney General
    Carrol.CherryEaton@myfloridalegal.com
    Office of the Attorney General
    South Florida Civil Litigation Bureau
    110 SE 6th Street, 10th Floor
    Ft. Lauderdale, Florida 33311-5000
    Tel. (954) 712-4600 / Fax. (954) 527-3702

    ATTORNEYS FOR DEFENDANT,
    FLORIDA DEPARTMENT OF EDUCATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ Carrol Y. Cherry-Eaton
CARROL Y. CHERRY EATON (FBN# 297940)
Senior Assistant Attorney General